## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____ )
 )
**FRANCOIS OLENGA** )
 Avenue-Frederick, No. 12 )
 Ngaliema, Kinshasa )
 Democratic Republic of the Congo )
 )
      *Plaintiff,* )
 )
 v. )   CIV. No. _____
 )
**ANDREA M. GACKI** )
**in her official capacity as** )   COMPLAINT
 **Director of the** )
 **United States Department of the Treasury** )
 **Office of Foreign Assets Control** )
 1500 Pennsylvania Avenue, NW )
 Washington, D.C. 20220 )
 )
      *Defendant,* )
 )
 and )   ECF
 )
**THE UNITED STATES DEPARTMENT** )
**OF THE TREASURY, OFFICE OF FOREIGN** )
**ASSETS CONTROL** )
 1500 Pennsylvania Avenue, NW )
 Freedman's Bank Building )
 Washington, D.C. 20220 )
 )
      *Defendant.* )
 )
_____ )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff François Olenga (herein referred to as "Olenga") brings this Complaint for Declaratory and Injunctive Relief against Defendants Secretary of the Treasury, Steven T. Mnuchin and the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and in support of his complaint alleges:

## INTRODUCTION

1.      Despite participating in good-faith in OFAC's administrative reconsideration process for nearly two years and demonstrating an insufficient basis for his designation, Olenga remains sanctioned.  OFAC has had the information in their possession to delist Olenga for months, yet they have remained silent in the face of those facts.  Defendants' silence and failure to seriously consider Olenga's evidence and arguments in support of delisting are the direct cause of the substantial harm—personal, professional, and pecuniary—that has been, and continues to be, inflicted upon him.  This harm is both unnecessary and unlawful.

2.      On June 1, 2017, Olenga, a citizen of the Democratic Republic of Congo ("DRC"), was targeted by Defendants for sanctions under Executive Order ("E.O.") 13413, as amended by E.O. 13671.  As a result of those sanctions, he was identified on the Specially Designated Nationals and Blocked Persons List ("SDN List") administered by OFAC, and all property and interests in property within U.S. jurisdiction in which Olenga had an interest were blocked.

3.      In support of its designation, OFAC alleged that Olenga "oversees the Republican Guard, an entity that has, or whose members have, engaged in actions or policies that undermine democratic processes or institutions in the DRC."  Press Release, *Treasury Sanctions Senior Congolese Official for Leading Republican Guard in Undermining Democratic Processes*, U.S. Dep't of Treasury, Office of Foreign Assets Control (June 1, 2017).

4.      Olenga's petition to OFAC seeking administrative reconsideration of his designation advanced two arguments.  First, Olenga argued that OFAC's allegations were erroneous as Olenga did not exert any control—operational or otherwise—over the Republican Guard.  Second, Olenga argued that the circumstances had nonetheless fundamentally changed to negate the basis for designation as Olenga no longer served in the former government position for

which he was designated.  For this reason, Olenga requested OFAC to immediately rescind his designation and remove his name from its SDN List.

5.      Throughout the administrative process, Olenga has provided timely information and convincing evidence to OFAC showing that an insufficient basis exists for his designation and that the circumstances have fundamentally changed so as to negate the basis for his designation. In doing so, Olenga has responded to multiple questionnaires from OFAC and has provided official documentary evidence supporting his responses to those questionnaires.

6.      Olenga has done this without the benefit of having adequate notice as to the reasons for his designation.  Despite his early request for disclosure of the administrative record underlying his designation, Olenga has not received a copy of the administrative record.  Thus, the sole notice provided to Olenga as to the potential bases for his designation is OFAC's press release announcing that designation.

7.       It has been 22 months since Olenga submitted his reconsideration request, 14 months since he requested the administrative record underlying his designation, and nearly six months since OFAC has substantively engaged Olenga in the reconsideration matter.  OFAC has not indicated when or if it intends to render a decision or release a copy of the administrative record and has not sought any further information or document productions from Olenga.  It is thus apparent to Olenga that OFAC does not intend to fairly review his designation in light of the exculpatory information he providedd nor in light of the changed circumstances that exist.  Thus, he turns to this court for relief.

**JURISDICTION AND VENUE**

8.      This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, the United Nations Participation Act,

22 U.S.C. § 287c, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

9.      This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Fed. R. Civ. P. Rule 57.  This Court may grant injunctive relief pursuant to Fed. R. Civ. P. Rule 65.

10.      Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside.  *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

11.      Francois Olenga is and was at all times relevant to this complaint a citizen of the DRC.  Olenga currently resides at Avenue-Frederick, No. 12, Ngaliema, Kinshasa, Democratic Republic of the Congo.

12.      On June 1, 2017, Olenga was designated under E.O. 13413, as amended, and his name was added to the SDN List maintained and administered by OFAC.  Exhibit A is a true and accurate copy of the page of the SDN List containing Olenga's name.

13.      OFAC is a federal administrative agency of the U.S. Department of the Treasury and is located at 1500 Pennsylvania Avenue, NW, Freedman's Bank Building, Washington D.C. 20220.  The Department of the Treasury is responsible for maintaining the financial and economic security of the United States and for overseeing various offices, including OFAC.  OFAC is responsible for administering U.S. economic sanctions programs, including, *inter alia*, by designating persons under E.O. 13413 and E.O. 13671 and regulating dealings with them under those authorities via 31 C.F.R. Parts 501 and 547, the "Reporting, Procedures, and Penalties

Regulations" and the "Democratic Republic of the Congo Sanctions Regulations," respectively. OFAC was responsible for designating Olenga under E.O. 13413, as amended.

14.     Defendant Steven T. Mnuchin is the Secretary of the Treasury of the United States. Mr. Mnuchin is sued in his official capacity.

15.     Defendant Andrea M. Gacki is the Director of OFAC.  Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

### A.     OFAC's June 1, 2017 Designation of Olenga

16.     On June 1, 2017, OFAC designated Olenga under E.O. 13413, as amended, for allegedly "oversee[ing] the Republican Guard, an entity that has, or whose members have, engaged in actions or policies that undermine democratic processes or institutions in the DRC."  Press Release, *Treasury Sanctions Senior Congolese Official for Leading Republican Guard in Undermining Democratic Processes*, U.S. Dep't of Treasury, Office of Foreign Assets Control (June 1, 2017).  As a result, all of Olenga's property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are generally prohibited from engaging in any transactions or dealings with him.

17.     OFAC's press release announcing Olenga's designation alleged that he held "operational control over the Republican Guard" by virtue of his appointment as head of the Maison Militaire; that he oversaw security operations on behalf of the former President to suppress political opposition in the DRC; and that he "developed a plan to use the Republican Guard to disrupt opposition activities and financial support."  *Id.*

18.     OFAC has not identified whether the allegations found in the press release constitute the totality of the reasons for OFAC's designation of Olenga or what evidence OFAC

has in its possession to support these allegations.  For instance, while claiming that Olenga's position as head of the Maison Militaire provided him with control over the Republican Guard, OFAC has not identified a reasoned basis for this belief and has provided no supporting evidence for this claim.

**B.    Olenga's Administrative Challenge to His Designation**

19.    On or about June 24, 2017, Olenga filed a request for administrative reconsideration of his designation pursuant to OFAC's delisting procedures at 31 C.F.R. § 501.807.  OFAC's delisting procedures permit designated persons to challenge their designations by arguing that the designation was made in error or that the circumstances have changed so as to nullify the basis for the designation.  During his reconsideration matter, Olenga argued that the factual basis underlying OFAC's designation action was in error or, alternatively, that the circumstances had changed so fundamentally as to negate the basis for his designation.

20.    Olenga's reconsideration case has been pending before OFAC for the past 22 months.  OFAC has yet to make a determination as to Olenga's reconsideration petition and has not provided any signal that it intends to issue any decision on that request in the near future.

21.    During this reconsideration matter, Olenga has responded to multiple OFAC questionnaires—dated January 10, 2018 and September 14, 2018, respectively—and has supplemented his reconsideration petition with additional information and documentary evidence relevant to OFAC's consideration.

22.    Olenga has also submitted correspondence to OFAC seeking notice as to the reasons for his designation.  On February 13, 2018, Olenga requested copies of the administrative record underlying his designation.  OFAC has not disclosed a copy of the administrative record— unclassified or otherwise—since the time of this request.  OFAC has also not provide any notice

as to the reasons for Olenga's designation via any alternative means.  Olenga's request for the administrative record underlying his designation has thus remained outstanding for over 14 months.

### C.      Harm Done to Olenga

23.      Defendants' unlawful action has been personally, professionally, and pecuniarily devastating to Olenga.  Personally, Olenga's reputation has been thrown in tatters since the time of his designation, as OFAC has suggested that he is personally responsible for the crackdowns on the DRC's civil society and opposition activists in the lead-up to the elections and his name has become linked with human rights abuse.  As an individual who has sought to uphold the rule of law and act consistent with basic norms of decency, such reputational damage is a personal affront and contrary to the way he has long carried himself in public life.  Financially, OFAC's designation action has caused an effective international boycott against Olenga, as U.S. and foreign persons refuse to do business with him out of concern of their potential exposure to U.S. sanctions.

24.      Defendants acknowledge these devastating costs, which—after all—are the intended effect of their sanctions.  As Defendants have stated, an OFAC designation is intended to create "professional, personal, and financial isolation" for the targeted individual. Press Release, *U.S. Government Sanctions Organizations and Individuals in Connection with an Iranian Defense Entity Linked to Iran's Previous Nuclear Weapons Effort*, U.S. Dep't of Treasury, Office of Foreign Assets Control (March 22, 2019).

25.      The devastation to Olenga caused by his designation is incalculable.  Such ruinous costs must be framed within the context of OFAC's negligent handling of this reconsideration matter, where Defendants have refused to provide notice as to the basis for Olenga's designation and have refused to undertake a serious reconsideration of that designation despite being confronted with countervailing facts and evidence.

## LEGAL CLAIMS

### COUNT I

DEFENDANTS' FAILURE TO PROVIDE OLENGA WITH ADEQUATE NOTICE AS TO
THE REASONS FOR HIS DESIGNATION VIOLATES OLENGA'S DUE PROCESS RIGHTS
UNDER THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

26.     Olenga re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

27.     Olenga is granted the right to petition Defendants for administrative reconsideration of his designation pursuant to OFAC's delisting procedures located at 31 C.F.R. § 501.807.

28.     Under the Fifth Amendment to the U.S. Constitution, Olenga has a due process right to adequate post-designation notice.  Sufficient notice requires Defendants to apprise Olenga as to the reasons for his designation so that Olenga has a meaningful opportunity to respond to the designation, including the distinct factual bases under which he was designated.

29.     Defendants have not provided sufficient notice for their determination that Olenga meets the criteria for designation under E.O. 13413, as amended—i.e., that Olenga oversees the Republican Guard, an entity that has, or whose members have, allegedly engaged in actions or policies that undermine democratic processes or institutions in the DRC.  Defendants have not provided a full statement of reasons underlying their decision to designate Olenga under E.O. 13413, as amended, and have failed to provide sufficient detail or evidence to allow Olenga a meaningful opportunity to rebut OFAC's allegations.  Defendants have repeatedly failed to respond to Olenga's requests for such notice.

30.     Defendants have failed to provide Olenga with adequate and fair notice of the reasons for his designation under E.O. 13413, as amended.  Defendants have thus acted in violation of Olenga's due process rights under the Fifth Amendment to the U.S. Constitution.

## COUNT II

### DEFENDANTS' FAILURE TO PROVIDE OLENGA WITH ADEQUATE NOTICE AS TO THE REASONS FOR HIS DESIGNATION VIOLATES OLENGA'S DUE PROCESS RIGHTS UNDER THE ADMINISTRATIVE PROCEDURE ACT

31.     Olenga re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

32.     Olenga is granted the right to petition Defendants for administrative reconsideration of his designation pursuant to OFAC's delisting procedures.

33.     Consistent with this right to request administrative reconsideration of his OFAC designation, Olenga has an administrative due process right to adequate post-designation notice. Such notice requires Defendants to provide Olenga with the factual allegations and evidentiary basis for Olenga's designation, including, for instance, by granting Olenga access to the administrative record underlying his designation.

34.     Defendants have failed to provide Olenga with the administrative record underlying his designation (or any portions thereof) and have not offered any adequate alternative by which Olenga may understand the reasons for his designation.  Because Olenga has been denied access to the basis for his designation, Defendants have failed to provide him with adequate notice and have thus violated his due process rights under the APA.

## COUNT III

### DEFENDANTS' FAILURE TO RENDER A DECISION ON OLENGA'S RECONSIDERATION REQUEST CONSTITUTES UNREASONABLE DELAY UNDER THE ADMINISTRATIVE PROCEDURE ACT

35.     Olenga re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

36.     A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

37.     Defendants' failure to render a decision on Olenga's reconsideration petition constitutes unreasonable delay in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, because Olenga filed his reconsideration petition more than 22 months ago and has yet to receive a final agency determination regarding this petition or any other indication as to when a determination may be forthcoming.

## COUNT IV

## DEFENDANTS' MAINTENANCE OF OLENGA'S DESIGNATION AND THE CONTINUED BLOCKING OF HIS INTERESTS IN PROPERTY CONSTITUTES ARBITRARY AND CAPRICIOUS ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

38.     Olenga re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

39.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

40.     Defendants' maintenance of Olenga's designation under E.O. 13413, as amended, and the continued blocking of his interests in property is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*.  This is because the evidence in the agency's possession does not provide a reasonable basis to believe that Olenga oversees the Republican Guard of the DRC.

## RELIEF REQUESTED

WHEREFORE, Olenga respectfully requests that this Court:

A.      Declare and/or order Defendants to rescind Olenga's designation under E.O. 13413, as amended, and remove his name from the SDN List;

B.      Order Defendants to issue a written, reasoned decision on Olenga's pending reconsideration petition regarding his designation under E.O. 13413, as amended;

C.      Order Defendants to disclose a full and sufficiently detailed statement of reasons as to OFAC's decision to designate Olenga so as to permit Olenga a meaningful opportunity to challenge his designation under E.O. 13413, as amended;

D.      Grant an award to Olenga of his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq*., and any other applicable provision of law; and

E.      Any other and further relief as the Court may deem proper.


Dated: April 19, 2019


                                          Respectfully submitted,

                                              /s/ Erich C. Ferrari, Esq.
                                              Erich C. Ferrari, Esq.
                                              Ferrari & Associates, P.C.
                                              1455 Pennsylvania Ave., NW
                                              Suite 400
                                              Washington, D.C. 20004
                                              Telephone: (202) 280-6370
                                              Fax: (877) 448-4885
                                              Email: ferrari@falawpc.com
                                              DC Bar No. 978253